

```
                    UNITED STATES DISTRICT COURT

                FOR THE CENTRAL DISTRICT OF CALIFORNIA

                        June 2024 Grand Jury
```

| UNITED STATES OF AMERICA, | CR No. 2:24-cr-00424-AB |
|---|---|
| Plaintiff, | <u>I N D I C T M E N T</u> |
| v. | [18 U.S.C. § 922(a)(1)(A): Engaging in the Business of Dealing in Firearms Without a License; 18 U.S.C. § 922(o)(1): Possession of Machinegun; 26 U.S.C. § 5861(d): Possession of Unregistered Firearms; 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c), and 26 U.S.C. § 5872: Criminal Forfeiture] |
| MIGUEL SANDOVAL BAUTISTA, | |
| Defendant. | |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 922(a)(1)(A)]

Between on or about March 29, 2023, and on or about June 30, 2023, in Los Angeles County, within the Central District of California, defendant MIGUEL SANDOVAL BAUSTISTA, not being a licensed importer, manufacturer, or dealer in firearms, willfully engaged in the business of dealing in firearms, specifically, the sales of the following firearms on or about the following dates:

| DATE | FIREARMS |
|---|---|
| March 29, 2023 | Three 5.56 caliber rifles, bearing no serial numbers. |
| April 26, 2023 | Six 5.56 caliber rifles, bearing no serial numbers. |
| June 22, 2023 | Ten 5.56 caliber rifles, bearing no serial numbers. |

Case 2:24-cr-00424-AB   Document 1   Filed 07/12/24   Page 3 of 8   Page ID #:3

COUNTS TWO THROUGH FOUR

[18 U.S.C. § 922(o)(1)]

On or about the following dates, in Los Angeles County, within the Central District of California, defendant MIGUEL SANDOVAL BAUSTISTA SANDOVAL knowingly possessed the following machineguns, as defined in Title 18, United States Code, Section 921(a)(24), and Title 26, United States Code, Section 5845(b), which defendant SANDOVAL BAUTISTA knew to be machineguns:

| COUNT | DATE | FIREARMS |
|---|---|---|
| TWO | March 29, 2023 | A 5.56 caliber rifle, bearing no serial number, modified to facilitate automatic fire in an AR-15 type firearm. |
| THREE | April 26, 2023 | A 5.56 caliber rifle, bearing no serial number, modified to facilitate automatic fire in an AR-15 type firearm. |
| FOUR | June 22, 2023 | A 5.56 caliber rifle, bearing no serial number, modified to facilitate automatic fire in an AR-15 type firearm. |

COUNTS FIVE THROUGH TWENTY-ONE

[26 U.S.C. § 5861(d)]

On or about the following dates, in Los Angeles County, within the Central District of California, defendant MIGUEL SANDOVAL BAUSTISTA knowingly possessed the following firearms, each of which SANDOVAL BAUTISTA knew to be a firearm and a short-barreled rifle, as defined in Title 26, United States Code, Section 5845(a)(3), and which had not been registered to defendant SANDOVAL BAUTISTA in the National Firearms Registration and Transfer Record, as required by Title 26, United States Code, Chapter 53:

| COUNT | DATE | FIREARMS |
|---|---|---|
| FIVE | March 29, 2023 | A 5.56 caliber rifle, bearing no serial number, having a barrel length of approximately 9.5 inches. |
| SIX | March 29, 2023 | A 5.56 caliber rifle, bearing no serial number, having a barrel length of approximately 9.5 inches. |
| SEVEN | March 29, 2023 | A 5.56 caliber rifle, bearing no serial number, having a barrel length of approximately 9.5 inches. |
| EIGHT | April 26, 2023 | A 5.56 caliber rifle, bearing no serial number, having a barrel length of approximately 7.5 inches. |
| NINE | April 26, 2023 | A 5.56 caliber rifle, bearing no serial number, having a barrel length of approximately 7.5 inches. |
| TEN | April 26, 2023 | A 5.56 caliber rifle, bearing no serial number, having a barrel length of approximately 7.5 inches. |
| ELEVEN | April 26, 2023 | A 5.56 caliber rifle, bearing no serial number, having a barrel length of approximately 8 inches. |

| COUNT | DATE | FIREARMS |
|---|---|---|
| TWELVE | April 26, 2023 | A 5.56 caliber rifle, bearing no serial number, having a barrel length of approximately 13.5 inches. |
| THIRTEEN | April 26, 2023 | A 5.56 caliber rifle, bearing no serial number, having a barrel length of approximately 13.5 inches. |
| FOURTEEN | June 22, 2023 | A 5.56 caliber rifle, bearing no serial number, having a barrel length of approximately 12.5 inches. |
| FIFTEEN | June 22, 2023 | A 5.56 caliber rifle, bearing no serial number, having a barrel length of approximately 12.5 inches. |
| SIXTEEN | June 22, 2023 | A 5.56 caliber rifle, bearing no serial number, having a barrel length of approximately 9.5 inches. |
| SEVENTEEN | June 22, 2023 | A 5.56 caliber rifle, bearing no serial number, having a barrel length of approximately 9.5 inches. |
| EIGHTEEN | June 22, 2023 | A 5.56 caliber rifle, bearing no serial number, having a barrel length of approximately 9.5 inches. |
| NINETEEN | June 22, 2023 | A 5.56 caliber rifle, bearing no serial number, having a barrel length of approximately 6.5 inches. |
| TWENTY | June 22, 2023 | A 5.56 caliber rifle, bearing no serial number, having a barrel length of approximately 6.5 inches. |
| TWENTY-ONE | June 22, 2023 | A 5.56 caliber rifle, bearing no serial number, having a barrel length of approximately 10 inches. |

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts One through Four of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[26 U.S.C. § 5872, and 28 U.S.C. § 2461(c)]

1.  Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 26, United States Code, Section 5872 and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts Five through Twenty-One of this Indictment.

2.  The defendant, if so convicted, shall forfeit to the United States of America the following:

    (a) All right, title, and interest in any firearm involved in any such offense; and

    (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.  Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof

//
//
//
//
//

(a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

                                        A TRUE BILL

                                        /s/
                                        Foreperson

E. MARTIN ESTRADA
United States Attorney

*[signature]*

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

DAMARIS DIAZ
Assistant United States Attorney
Acting Chief, Violent & Organized Crime Section

BRUCE K. RIORDAN
Assistant United States Attorney
Violent & Organized Crime Section